

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| TEXAS DEPARTMENT OF PUBLIC SAFETY, | § | No. 08-13-00117-CV |
| | § | Appeal from |
| Appellant, | § | 41st District Court |
| v. | § | of El Paso County, Texas |
| MERARDO BONILLA, | § | (TC #2011-DCV10226) |
| Appellee. | § | |

## DISSENTING OPINION

I respectfully dissent.   In my opinion, DPS presented competent evidence to establish the good faith element of official immunity, and in response Bonilla failed to meet his burden to show that no reasonable person in the officer's position could have thought the facts justified the officer's actions.   Accordingly, I believe we should reverse the trial court's order denying DPS's combined motion for summary judgment and plea to the jurisdiction, and dismiss Bonilla's claims for lack of jurisdiction.

The majority opinion contains a thorough analysis of both the issues and the evidence presented to the trial court.   But, I disagree with the majority's analysis in two respects.

First, the majority considers Bonilla's responsive evidence in determining whether DPS met its initial burden to show that a reasonably prudent officer, under the same or similar

circumstances, could have believed the need for the officer's actions outweighed a clear risk of harm to the public from those actions. In its opinion remanding this case, the Supreme Court noted that although "Bonilla disputes the trooper's version of events in several material respects," his "controverting evidence is not germane to the competence of DPS's evidence in the first instance." *Texas Dept. of Pub. Safety v. Bonilla*, 481 S.W.3d 640, 644 n. 23 (Tex. 2015). I believe the Supreme Court is instructing us that we should look solely to DPS's evidence in determining whether DPS met its initial burden to establish the good faith element of official immunity. And, looking solely to DPS's evidence, it was sufficient to show that that a reasonably prudent officer, under the same or similar circumstances, could have believed the need for the officer's actions outweighed a clear risk of harm to the public from those actions.

Second, the majority in essence concludes that Bonilla could avoid dismissal by simply creating a fact issue concerning the trooper's version of the events. But, as the Supreme Court has made clear, once DPS met its initial burden of producing "competent evidence of good faith," the good faith "element of the official-immunity defense is established unless the plaintiff shows that *no* reasonable person in the officer's position could have thought the facts justified the officer's actions." *Id*. at 643 (emphasis in original). In my opinion, Bonilla had to do more than create a fact issue concerning the trooper's version of the events to avoid dismissal; Bonilla was also required to demonstrate that based upon his disputed version of the events, no reasonable person in the officer's position could have thought the facts justified the officer's actions. My review of Bonilla's responsive evidence shows that while he may have raised a fact issue on whether the officer slowed before entering the intersection and whether the officer's view was obstructed, he failed to present any evidence that no reasonable person in the officer's position could have

2

thought these facts justified the officer's actions. Accordingly, Bonilla's responsive evidence was insufficient to prevent dismissal on good-faith immunity grounds.


October 12, 2016

STEVEN L. HUGHES, Justice